### LOCAL OPTION IN RESIDENCE DISTRICTS.

Common Pleas Court of Hamilton County.

IN RE PETITION OF A. P. LOUNSBERRY AND OTHERS FOR THE PROHIBITION OF THE SALE OF INTOXICATING LIQUORS IN THE VICINITY OF NORWOOD.

Decided, September, 1911.

*Petition to Prohibit Liquor Traffic in Residence District—Description of Proposed District and Map thereof Insufficient, When—Section 6140.*

Where neither the petition for the prohibition of the sale of intoxicating liquor in a residence district, nor the map attached thereto, or the map and petition taken together, give the number or location of the saloons in the proposed territory, the requirement of the statute that the number and location of the saloons be shown has not been complied with, and the petition or the map and petition taken together are insufficient and must be dismissed.

HUNT, J.

A petition having been filed with me, under the Jones law (98 O. L., 68), Section 6140, General Code, by certain residents

of a resident district constituting a part of the city of Norwood, for the prohibition of the sale of intoxicating liquors as a beverage in said district, and due notice thereof having been given, other residents of said district by their counsel appear to contest the granting of the order prayed for.

The principal grounds alleged by the contestants objecting to the petition are:

First.   The insufficiency of the description of the district in the petition itself.

Second.   The insufficiency of the map or drawing of such district attached to said petition.

Under the law not only must the district in which the sale is to be prohibited be described, but Section 4a of the law as amended March 31st, 1908, Section 6146, General Code, provides:

"All petitions for signature  *  *  *  shall have a map or drawing attached showing the outlines of the district and location of all saloons within the district proposed," etc.

Undoubtly the Jones law should be so construed that the operation of the remedy therein provided, for the legislatively admitted evil, shall not be unreasonably obstructed by mere technicality.   Nevertheless, there being no ambiguity in the law a reasonable compliance with all its requirements by the petitioners must be had before the petition can be granted.

While the description of the proposed district as given in the petition is in some parts ambiguous, yet from the whole description, taken together with the map attached thereto, and which by law is made a part of the proceeding, such ambiguities are not necessarily fatal defects.

That the map or drawing of the proposed district is essentially a part of the application is admitted.   Section 4a of the Jones law (Section 6146, General Code), requires such map or drawing to show the outlines of the proposed district.

The map attached to the petition in this proceeding is a part of a printed map of Norwood and vicinity, and the particular part attached to the petition herein is not confined to the proposed district, but takes in adjoining territory with no lines or marks there indicating the *outlines* of the proposed district, ex-

cept that if the outlines or boundaries of the district as given in the petition be applied to such map, an outline of the district can be perceived, and the surplusage of the map thereby eliminated. Such a map, as that attached to the petition herein, could undoubtedly cause much misunderstanding if not uncertainty as to the boundaries of the proposed district in the mind of average persons to whom such map and petition are presented for signature, and would defeat one of the purposes of the amendment requiring that the outlines of the district be shown on the map; but would not deceive any person who would take the necessary time and care to apply the description to the map.

However, Section 4a of the law (Section 6146, General Code), further provides that such map or drawing shall show the location of all the saloons within the proposed district.

There is nothing in the petition in any way that refers to saloons or other places where liquor is sold, or their number or location. On the printed map attached to the petition there are four cross-marks, carelessly made so that such crosses show no exact location with any degree of certainty, except a general location in the proposed district. There is nothing on the map or in the petition stating what the red cross-marks are intended to indicate. It is claimed that such red marks were intended to indicate four saloons, but except as such information was given to the court by the counsel for the petitioner at the time of the hearing, the court would not be advised of such intention. unless as a mere surmise; nor a person to whom the map was shown know that saloons were located about where such marks were made.

The number and location of the saloons in the supposed district is a fact of which this court can not take judicial notice, even if the court had knowledge of the fact. Therefore, as neither the map attached to the petition, nor the petition, nor both the petition and the map taken together, give the location and number of the saloons in the proposed territory, the requirement of the statute, that the location and number of the saloons be shown, has not been simply inadequately or ambiguously complied with, but wholly uncomplied with.

The map, or the petition and the map taken together, must therefore be held to be insufficient.